IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 27, 2016

## STATE OF TENNESSEE v. DAVID ANDERSON HATCHER

**Appeal from the Circuit Court for Blount County**
**No. C22085     David R. Duggan, Judge**

---

**No. E2015-01734-CCA-R3-CD – Filed May 10, 2016**

---

The defendant, David Anderson Hatcher, appeals the revocation of the probationary sentence imposed for his Blount County Circuit Court conviction of aggravated burglary. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal); and Mack Garner, Assistant District Public Defender (at trial), for the appellant, David Anderson Hatcher.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Ryan Desmond, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On November 1, 2013, the defendant pleaded guilty to one count of aggravated burglary in exchange for a three-year sentence, and the trial court placed the defendant on judicial diversion for that term. On May 19, 2014, the defendant's probation supervisor filed a probation violation report, and, on April 13, 2015, the trial court revoked the defendant's judicial diversion placement and imposed a sentence of split confinement to be served as 100 days' incarceration followed by supervised probation for the remainder of his sentence.

On July 30, 2015, the probation supervisor filed a second probation violation report, alleging that the defendant had violated the terms of his probation by failing to report following his discharge from a drug treatment program; by failing to

notify his probation supervisor of his change of address; by testing positive for illegal narcotics on June 1, 2015; by failing to pay his probation fees and court costs; and by failing to complete any of his required 100 hours of community service.

At the August 28, 2015 revocation hearing, Lester Burnett, Jr., the defendant's probation supervisor, testified that he had been supervising the defendant since November 1, 2013. Upon the defendant's release from split confinement, he was ordered to undergo an alcohol and drug assessment. Following the assessment, the defendant entered a treatment program and subsequently tested postive for amphetamine, methamphetamine, and THC. The defendant completed his treatment program on July 6, 2015, and was instructed to contact Mr. Burnett and the defendant's forensic social worker; the defendant failed to contact either of them. In addition, the defendant failed to complete any of his required 100 hours of community service, failed to pay his required probation fees and court costs, and failed to provide Mr. Burnett with his current address.

The defendant testified that, after he was released from the drug treatment program, he was required to report to Mr. Burnett, and the defendant admitted that he failed to do so. The defendant also admitted that he had not performed any of his required community service, but he denied that he had failed to provide Mr. Burnett with a current address.

At the conclusion of the hearing, the trial court made the following findings:

> Upon this evidence, the [c]ourt is going to find that [the defendant] has engaged in a material violation of the terms of his probation, based upon failing to report following his discharge from the drug rehabilitation treatment program; failing to report a change of address; and presently, at that time anyway, being at an unknown location; using controlled substances as evidenced by testing positive for amphetamines, methamphetamines, and THC on June 1, 2015; failing to perform any of his community service work; and failing to pay his probation fees and court costs. The [c]ourt also notes that this is his second violation.
>
> And the [c]ourt is going to revoke his probation and order him to serve his sentence. . . .

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State*

*v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310.

In the present case, the defendant admitted violating the terms of his probation. Thus, the defendant conceded an adequate basis for a finding that he had violated the terms of his alternative sentence. *See State v. Neal Levone Armour*, No. E2003-02907-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Knoxville, Sept. 9, 2004) (citations omitted). Moreover, the trial court determined that the State sufficiently established the violations. The record supports these determinations, and, therefore, revocation was unquestionably justified.

We hold that the trial court acted within its discretion, and we affirm the order of revocation and the imposition of the original sentence.

_____
JAMES CURWOOD WITT, JR., JUDGE

- 3 -